**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 4:13CV2589** |
| ) | |
| **Plaintiff,** ) | **MAGISTRATE JUDGE** |
| ) | **GEORGE J. LIMBERT** |
| **v.** ) | |
| ) | |
| ) | |
| **CHARLES PAYNE, et al.,** ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| **Defendants.** ) | |

This matter is before the Court on a motion for summary judgment filed by Plaintiff, United States of America ("Plaintiff") on September 18, 2014. ECF Dkt. #30. Defendants Charles Payne and Rebecca Payne ("Defendants"), through counsel, filed an "Objection" to the motion on December 15, 2014. ECF Dkt. #35. On January 2, 2015, Plaintiff filed a reply brief. ECF Dkt. #37.

For the following reasons, the Court GRANTS Plaintiff's motion for summary judgment. ECF Dkt. #30.

**I.      FACTUAL AND PROCEDURAL HISTORY**

On November 21, 2013, Plaintiff filed a complaint pursuant to 26 U.S.C. §§ 7401 and 7403 against Defendants to: reduce to judgment outstanding liabilities for federal internal revenue tax assessments and statutory accruals; establish the validity of the liens under 26 U.S.C. § 6321; enforce the liens upon Defendants' property and property rights in three identified tracts of real estate consisting of 21 individual lots; and to permit a judicial sale of this real property. ECF Dkt. #1 at 1. Plaintiff further alleged that a delegate of the Secretary of the Treasury of the United States of America gave Defendants notice of the tax assessments of federal income taxes, penalties and interest against them for the years 1999 through 2009, which totaled $449,226.55, plus additional amounts since August 1, 2012 and continuing. ECF Dkt. #1 at 3-10. Plaintiff averred that despite such notice and demand, Defendants failed to pay the liabilities. *Id*. at 10. Plaintiff requested that

the Court reduce the assessments, penalties and interest against Defendants to a judgment in its favor. *Id*. at 3.

In the second count of complaint, Plaintiff requested that the Court determine and adjudge that it has valid and subsisting federal tax liens on all property and rights to property belonging to Defendants and to the three particular tracts of real property identified in the complaint. *Id*. at 2-3, 10-12. Plaintiff averred that the Internal Revenue Service ("IRS") had filed federal tax lien notices for the income tax assessments on the three tracts of property with the Recorder of Columbiana County, Ohio. *Id.* Plaintiff requested that the Court order that the federal tax liens on the properties be enforced and order the sale of the property and distribute the sale proceeds to Plaintiff. *Id.* at 12.

On January 17, 2014, Defendant Charles Payne, an attorney, filed a pro se answer to the complaint on behalf of Defendants. ECF Dkt. #5. In the answer, Defendants admitted jurisdiction over them and their ownership of the three tracts of real estate, but denied the rest of the complaint allegations as they were "without sufficient information or knowledge to form a belief as to the truthfulness of the allegations." ECF Dkt. #5. Defendants raised the affirmative defense of statute of limitations and they also requested a mediation. *Id.* at 2.

On March 4, 2014, the parties consented to the jurisdiction of the undersigned. ECF Dkt. #10. On August 4, 2014, Plaintiff filed a motion to amend the complaint to add the State of Ohio as a Defendant. ECF Dkt. #17. The Court granted the motion and on August 8, 2014, Plaintiff filed its first amended complaint. ECF Dkt. #21. On September 3, 2014, the State of Ohio filed an answer to the first amended complaint. ECF Dkt. #26. On September 17, 2014, Plaintiff and the State of Ohio filed a stipulation explaining that the State of Ohio claimed an interest through Ohio tax liens in the property that Plaintiff identified as subject to the federal tax and the parties agreed to a specified order to the distribution of any proceeds that would result in the event of a judicial sale of Defendants' real property. ECF Dkt. #28 at 1-3.

On September 18, 2014, Plaintiff filed the instant motion for summary judgment. ECF Dkt. #30. On November 17, 2014, Attorney Carol Szcepanik filed a notice of appearance on behalf of Defendants. ECF Dkt. #33. On December 15, 2014 after the Court granted Defendants an extension of time in which to file a response to the motion for summary judgment, Defendants filed an

-2-

objection to the motion. ECF Dkt. #35. On January 2, 2015, Plaintiff filed a reply. ECF Dkt. #37.

On January 5, 2015, Defendants filed a notice of commitment letter from a bank indicating an offer regarding a mortgage on their residence. ECF Dkt. #38.

## II.     STANDARD OF REVIEW

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

Upon filing a motion for summary judgment, the moving party has the initial burden of establishing that there are no genuine issues of material fact as to an essential element of the nonmoving party's claim. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir.2009) (citation omitted); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 & n. 12 (6th Cir.1989). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the moving party relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In response, if the moving party establishes the absence of a genuine issue of material fact, in order to defeat summary judgment, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir.2009) (citation omitted). In this regard, "Rule 56 does not impose upon the district court a duty to sift through the record in

-3-

search of evidence to support a party's opposition to summary judgment"; rather, "Rule 56 allocates that duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379–80 (6th Cir.2007) (citation omitted); *see also Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir.2008)(citation omitted). Moreover, the non-moving party must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–587, 106 S.Ct. 1348; see also *Barr v. Lafon*, 538 F.3d 554, 574 (6th Cir.2008).

Accordingly, the ultimate inquiry is whether the record, as a whole, and upon viewing it in the light most favorable to the non-moving party, could lead a rational trier of fact to find in favor of the non-moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–87, 106 S.Ct. 1348; *see also Anderson*, 477 U.S. at 252.

## III.  LAW AND ANALYSIS

### A.  FEDERAL TAX LIABILITIES OF DEFENDANTS

In its motion for summary judgment, Plaintiff sets forth the taxes, penalties and interest from the federal tax assessments for Defendants for the years 1999 through 2009:

| Year | Assessment Type | Assessment Date | Assessment Amount | Balance |
|---|---|---|---|---|
| 1999 | Tax | 11/27/2000 | $46,861.00 | $74,774.75 |
| | Estimated Tax Penalty | 11/27/2000 | $1,370.83 | |
| | Late Payment Penalty | 11/27/2000 | $1,145.00 | |
| | Interest | 11/27/2000 | $1,635.63 | |
| | Late Payment Penalty | 10/1/2007 | $6,011.24 | |
| 2000 | Tax | 5/28/2001 | $23,429.00 | $47,770.88 |
| | Estimated Tax Penalty | 5/28/2001 | $1,077.00 | |
| | Late Payment Penalty | 5/28/2001 | $203.59 | |
| | Interest | 5/28/2001 | $192.76 | |
| | Late Payment Penalty | 10/1/2007 | $4,751.15 | |
| 2001 | Tax | 11/25/2002 | $27,881.00 | $54,218.41 |
| | Estimated Tax Penalty | 11/25/2002 | $760.00 | |
| | Late Filing Penalty | 11/25/2002 | $2,935.30 | |
| | Late Payment Penalty | 11/25/2002 | $869.72 | |
| | Interest | 11/25/2002 | $865.10 | |
| | Late Payment Penalty | 10/1/2007 | $4,566.02 | |
| 2003 | Tax | 11/29/04 | $65,358.00 | $114,742.20 |

|      |                       |            |             |            |
|------|-----------------------|------------|-------------|------------|
|      | Estimated Tax Penalty | 11/29/04   | $848.00     |            |
|      | Late Payment Penalty  | 11/29/04   | $2,366.44   |            |
|      | Interest              | 11/29/04   | $1,718.39   |            |
|      | Tax                   | 2/27/2006  | $1,151.00   |            |
|      | Late Payment Penalty  | 9/29/2008  | $12,006.25  |            |
|      | Late Payment Penalty  | 3/14/2011  | $5.75       |            |
| 2004 | Tax                   | 11/7/2005  | $22,193.00  | $30,706.20 |
|      | Estimated Tax Penalty | 11/7/2005  | $440.00     |            |
|      | Late Payment Penalty  | 11/7/2005  | $561.54     |            |
|      | Interest              | 11/7/2005  | $569.84     |            |
|      | Late Payment Penalty  | 3/14/2011  | $3,650.01   |            |
| 2005 | Tax                   | 11/27/2006 | $24,994.00  | $34,261.69 |
|      | Estimated Tax Penalty | 11/27/2006 | $711.00     |            |
|      | Late Payment Penalty  | 11/27/2006 | $749.76     |            |
|      | Interest              | 11/27/2006 | $910.78     |            |
|      | Late Payment Penalty  | 3/14/2011  | $3,936.24   |            |
| 2006 | Tax                   | 11/5/2007  | $36,328.00  | $54,094.94 |
|      | Estimated Tax Penalty | 11/5/2007  | $1,078.00   |            |
|      | Late Payment Penalty  | 11/5/2007  | $1,112.23   |            |
|      | Interest              | 11/5/2007  | $1,452.95   |            |
|      | Late Payment Penalty  | 3/14/2011  | $6,832.27   |            |
| 2007 | Tax                   | 2/9/2009   | $17,882.00  | $19,961.23 |
|      | Estimated Tax Penalty | 2/9/2009   | $475.00     |            |
|      | Late Filing Penalty   | 2/9/2009   | $543.33     |            |
|      | Late Payment Penalty  | 2/9/2009   | $553.70     |            |
|      | Interest              | 2/9/2009   | $573.06     |            |
|      | Late Payment Penalty  | 3/14/2011  | $1,509.25   |            |
|      | Late Payment Penalty  | 3/12/2012  | $724.44     |            |
| 2008 | Tax                   | 1/11/2010  | $10,901.00  | $5,640.27  |
|      | Estimated Tax Penalty | 1/11/2010  | $92.00      |            |
|      | Late Payment Penalty  | 1/11/2010  | $121.95     |            |
|      | Interest              | 1/11/2010  | $113.34     |            |
|      | Late Payment Penalty  | 3/14/2011  | $263.20     |            |
|      | Late Payment Penalty  | 3/12/2012  | $225.60     |            |
| 2009 | Tax                   | 11/22/2010 | $15,961.00  | $15,473.02 |
|      | Estimated Tax Penalty | 11/22/2010 | $194.00     |            |
|      | Late Payment Penalty  | 11/22/2010 | $428.40     |            |
|      | Interest              | 11/22/2010 | $262.54     |            |
|      | Late Payment Penalty  | 3/14/2011  | $267.75     |            |
|      | Late Payment Penalty  | 3/12/2012  | $1,285.20   |            |
| TOTAL | ---                  | ---        | ---         | $451,643.59 |

ECF Dkt. #30-2 at 1-3. Plaintiff attaches a declaration from Theresa Corcoran, a Revenue Officer Advisor for the IRS, who reviewed the records of the agency as to Defendants. *Id.* She declared that the tax assessments above were based upon Defendants' own voluntarily filed returns, except for the

$1,151.00 tax assessment made on February 27, 2006 with regard to the 2003 income tax year which was for an upward adjustment to Defendants' wage income for that year. *Id.* Ms. Corcoran explained that delegates of the Secretary of the Treasury gave proper notice to Defendants of the assessments and demanded payment, but Defendants have not paid. *Id.* She further indicated that Defendants remain indebted, jointly and severally, to Plaintiff in the amount of $451,643.59 as of September 14, 2014 for the tax years 1999-2001 and 2003-2009, with additional amounts accruing since that date. *Id.* at 3.

As Plaintiff correctly points out, an IRS tax assessment is presumptively correct. *U.S. v. Hammond*, 277 Fed. App'x 560, 563 (6th Cir. 2008). In order to overcome this presumption, a taxpayer must show that the assessment is incorrect. *Kosinski v. Comm'r*, 541 F.3d 671, 678 (6th Cir. 2008).

Here, through the declaration of Ms. Corcoran, Plaintiff has met its initial burden on summary judgment of showing that no genuine issues of material fact exist that Defendants were assessed federal tax liabilities and given proper notice of such. In their response to the motion for summary judgment, Defendants do not dispute the tax liabilities or the notices given to them by Plaintiff. ECF Dkt. #35.

As Plaintiff acknowledges, however, Defendants did raise the statute of limitations in their answer to the complaint as to some of the years in which liabilities were assessed. ECF Dkt. #5 at 2; ECF Dkt. #30-1 at 8-9. Plaintiff addresses the statute of limitations issue, relying upon 26 U.S.C. § 6502(a)(2)(A) in asserting that the years of 1999-2001 remained open for collection of these tax liabilities beyond the ten-year period of limitation because the parties entered into a waiver extending the period for collection when they executed an installment agreement. ECF Dkt. #30-1 at 9. Plaintiff attaches a copy of the Tax Collection Waiver form executed by Defendants on August 25, 2004 showing the waiver of the limitations period for the relevant time period. ECF Dkt. #30-4.

Section 6502(a) of Title 26 of the United States Code provides:

> Where the assessment of any tax imposed by this title has been made within the period of limitation property applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun –
>
> (1) within 10 years after the assessment of the tax, or

-6-

>   (2) if—
>   (A) there is an installment agreement between the taxpayer and the Secretary, prior to the date which is 90 days after the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer at the time the installment agreement was entered into.[.]

26 U.S.C. §6502(a)(2)(A).  In its motion for summary judgment with an attached copy of the waiver, Plaintiff has met its burden as to establishing the existence and validity of the waiver.  Defendant presents no evidence challenging the existence or validity of the waiver in its opposition to the motion for summary judgment.  Accordingly, the Court finds that summary judgment is proper as to this issue.

Based upon the law and the record, as well as Plaintiff's motion for summary judgment with attached documentation, and Defendants' failure to meet its reciprocal burden on summary judgment, the Court finds that no genuine issues of material fact exist with regard to Defendants' federal tax liabilities for the tax years 1999-2001 and 2003-2009.  Consequently, the Court finds that Plaintiff is entitled to judgment as a matter of law in its favor and Defendants, jointly and severally, owe federal income tax liabilities in the amount of $451,643.59 as of September 18, 2014, plus statutory additions and accruals from that date to the present.

### B. JUDICIAL SALE OF PROPERTY

Plaintiff also requests in its complaint and in its motion for summary judgment that the Court enforce the federal tax liens associated with the tax liabilities through a judicial sale pursuant to 26 U.S.C. § 6321 and 26 U.S.C. § 7403(a).  ECF Dkt. #1; ECF Dkt. #30 at 1-3, 9-10.  Plaintiff identifies the real property as the following:

> 21 individual lots, or three tracts, including the Paynes' residence located at 1007 Smithfield Street, East Liverpool, Ohio, and surrounding land (collectively "the Smithfield Property"), which is more fully described as follows:
>
> Tract 1: Situated in the City of East Liverpool, County of Columbiana, and State of Ohio, known as and being Lots Numbered 8119, 8120, 8121, 8122, 8123, and 8124, as said Lots are numbered and distinguished on the recorded plat of Valley View Addition to said City. Last recorded transfer being Volume 873, Page 358. Situated in the City of East Liverpool, County of Columbiana and State of Ohio, and known as and being the following: Commencing at the intersection fo the East line of Lincoln Avenue and the South line of Case Street; thence East along the South line of Case Street for a distance of 66 feet to the Northwest corner of Lot Number 8120, valley View Addition to the City of East Liverpool, Ohio; thence South and along the West line of said Lot Number 8129 to a point on a 15 foot alley; thence West along said alley for a distance of 66 feet to the East lien of

>Lincoln Avenue; thence North along the East line of Lincoln Avenue 120 feet to the place of beginning. Being a rectangular piece of property 66 X 120 feet and fronting 66 feet on Case Street, the Southern part of which being Lot 8119 on the recorded plat of Valley View Addition. Being premises conveyed in Volume 857, Page 630, of the Deed Records of said County.
>
>Tract 2: Situated in the City of East Liverpool, County of Columbiana and State of Ohio, and known as and being Lots Numbered 8130, 8131, 8132, 8133, 8134 and 8135, as said lots are numbered and distinguished on the recorded plat of Valley View Addition to said City. Being premises conveyed in Volume 514, Page 413 to Edward T. Martin; Volume 509, Page 231 to E.T. Martin, Jr. (Edward T. Martin, E.T. Martin and E.T. Martin, Jr., being one and the same persons); Volume 511, Page 604, and Volume 514, Page 413, of the Deed Records of said county; Volume 573, Page 401, Deed Records.
>
>Tract 3: Situated in the City of East Liverpool, County of Columbiana and State of Ohio, and known as being Lots Numbered 8148, 8149, 8150, 8151, 8152, 8153, 8154, 8155, and 8156, as said Lots are numbered and distinguished on the recorded plat of Valley View Addition to said City. Being premises conveyed in Volume 693, Page 412; Volume 749, Page 521; Volume 926, Page 558; Volume 754, Page 616 and Volume 833, Page 110, of the Deed Records of said County. Prior instrument reference: Volume 359, Page 36[;]

ECF Dkt. #30 at 1-2. In conjunction with the order of sale, Plaintiff requests that the judicial sale be free and clear of all rights, titles, liens, claims, and interests of the parties to this action, with no right of redemption, and with the proceeds of sale to be distributed as provided herein. *Id.* Plaintiff further requests that the Court direct that the net proceeds of the judicial sale of the Smithfield Property (after payment of the costs of sale and any local property taxes payable under 26 U.S.C. § 6323(b)(6)) shall be distributed to the United States and the State of Ohio, in accordance with their stipulation (Docket No. 29), with any proceeds that remain after full satisfaction of the claims of the United States and State of Ohio to be paid to Defendants. *Id.*

Section 6321 of Title 26 provides in relevant part that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. The United States Supreme Court has held that Section 6321 "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *U.S. v. Nat'l Bank of Commerce*, 472 U.S. 713, 719–20, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985).

Section 7403(a) of Title 26 provides in relevant part that "[i]n any case where there has been a refusal or neglect to pay any tax...the Attorney General or his delegate...may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." 26 U.S.C. § 7403(a). Section 7403(c) of Title 26 provides that after notice to the parties, "[t]he court shall... adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases, where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court in respect to the interests of the parties and of the United States." 26 U.S.C. § 7403(c).

In their answer, Defendants admit that they own the property that Plaintiff identified and requests for judicial sale. ECF Dkt. #5 at 1. In their objection to the motion for summary judgment, Defendants do not dispute that federal tax liens attached to that property for the tax years outlined by Plaintiff. ECF Dkt. #35. Defendants merely object to the judicial sale of the property, stating that they are still in communication with Plaintiff about resolving the instant case without the necessity of a judicial sale. *Id.* However, the parties have been in communication for a lengthy period of time and Defendants have still not provided all necessary information to Plaintiff that would help advance settlement talks. This Court continued this matter in September, October and November, and again in December, so that Defendants could submit the necessary information to Plaintiff to help resolve this matter. Yet, according to Plaintiff, as of January 2, 2015, Defendants had not yet provided all of the information necessary to aid in settlement negotiations.

Accordingly, the Court finds that Plaintiff has met its burden on summary judgment of establishing that Defendants have failed to pay the federal tax assessments after being provided proper notice pursuant to Sections 6321 and 6322, and federal tax liens therefore arose in favor of Plaintiff upon all of Defendants' property. 26 U.S.C. §§ 6321 & 6322. *U.S. v. Big Value Supermarkets, Inc.*, 898 F.2d 493, 496 (6th Cir.1990) (The § 6321 lien attaches to all of a taxpayer's property.). Since the Court has found in favor of Plaintiff as to the merits of its claims, the Court

enforces Plaintiff's federal tax liens through a judicial sale of certain real property pursuant to 26 U.S.C. § 7403, identified as:

> 21 individual lots, or three tracts, including the Paynes' residence located at 1007 Smithfield Street, East Liverpool, Ohio, and surrounding land (collectively "the Smithfield Property"), which is more fully described as follows:
>
> Tract 1: Situated in the City of East Liverpool, County of Columbiana, and State of Ohio, known as and being Lots Numbered 8119, 8120, 8121, 8122, 8123, and 8124, as said Lots are numbered and distinguished on the recorded plat of Valley View Addition to said City. Last recorded transfer being Volume 873, Page 358. Situated in the City of East Liverpool, County of Columbiana and State of Ohio, and known as and being the following: Commencing at the intersection fo the East line of Lincoln Avenue and the South line of Case Street; thence East along the South line of Case Street for a distance of 66 feet to the Northwest corner of Lot Number 8120, valley View Addition to the City of East Liverpool, Ohio; thence South and along the West line of said Lot Number 8129 to a point on a 15 foot alley; thence West along said alley for a distance of 66 feet to the East lien of Lincoln Avenue; thence North along the East line of Lincoln Avenue 120 feet to the place of beginning. Being a rectangular piece of property 66 X 120 feet and fronting 66 feet on Case Street, the Southern part of which being Lot 8119 on the recorded plat of Valley View Addition. Being premises conveyed in Volume 857, Page 630, of the Deed Records of said County.
>
> Tract 2: Situated in the City of East Liverpool, County of Columbiana and State of Ohio, and known as and being Lots Numbered 8130, 8131, 8132, 8133, 8134 and 8135, as said lots are numbered and distinguished on the recorded plat of Valley View Addition to said City. Being premises conveyed in Volume 514, Page 413 to Edward T. Martin; Volume 509, Page 231 to E.T. Martin, Jr. (Edward T. Martin, E.T. Martin and E.T. Martin, Jr., being one and the same persons); Volume 511, Page 604, and Volume 514, Page 413, of the Deed Records of said county; Volume 573, Page 401, Deed Records.
>
> Tract 3: Situated in the City of East Liverpool, County of Columbiana and State of Ohio, and known as being Lots Numbered 8148, 8149, 8150, 8151, 8152, 8153, 8154, 8155, and 8156, as said Lots are numbered and distinguished on the recorded plat of Valley View Addition to said City. Being premises conveyed in Volume 693, Page 412; Volume 749, Page 521; Volume 926, Page 558; Volume 754, Page 616 and Volume 833, Page 110, of the Deed Records of said County. Prior instrument reference: Volume 359, Page 36[;]

ECF Dkt. #30 at 1-2. The Court further orders that:

> such judicial sale be free and clear of all rights, titles, liens, claims, and interests of the parties to this action, with no right of redemption, and with the proceeds of the sale to be distribute;
>
> the net proceeds of the judicial sale of the property identified above (after payments of sale costs and any local property taxes payable under 26 U.S.C. § 6323(b)(6) be distributed to the United States and the State of Ohio in accordance with the stipulation that they entered into on September 18, 2014. ECF Dkt. #29; and
>
> any remaining proceeds after full satisfaction of the claims by the United States and the State of Ohio be paid to Defendants.

### IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for summary judgment (ECF Dkt. #30) and finds that Plaintiff is entitled to judgment as a matter of law in its favor and Defendants, jointly and severally, owe federal income tax liabilities in the amount of $451,643.59 as of September 18, 2014, plus statutory additions and accruals from that date to the present.

Consequently, the Court ORDERS that the Plaintiff's federal tax liens be enforced through a judicial sale of certain real property identified as:

> 21 individual lots, or three tracts, including the Paynes' residence located at 1007 Smithfield Street, East Liverpool, Ohio, and surrounding land (collectively "the Smithfield Property"), which is more fully described as follows:
>
> Tract 1: Situated in the City of East Liverpool, County of Columbiana, and State of Ohio, known as and being Lots Numbered 8119, 8120, 8121, 8122, 8123, and 8124, as said Lots are numbered and distinguished on the recorded plat of Valley View Addition to said City. Last recorded transfer being Volume 873, Page 358. Situated in the City of East Liverpool, County of Columbiana and State of Ohio, and known as and being the following: Commencing at the intersection fo the East line of Lincoln Avenue and the South line of Case Street; thence East along the South line of Case Street for a distance of 66 feet to the Northwest corner of Lot Number 8120, valley View Addition to the City of East Liverpool, Ohio; thence South and along the West line of said Lot Number 8129 to a point on a 15 foot alley; thence West along said alley for a distance of 66 feet to the East lien of Lincoln Avenue; thence North along the East line of Lincoln Avenue 120 feet to the place of beginning. Being a rectangular piece of property 66 X 120 feet and fronting 66 feet on Case Street, the Southern part of which being Lot 8119 on the recorded plat of Valley View Addition. Being premises conveyed in Volume 857, Page 630, of the Deed Records of said County.
>
> Tract 2: Situated in the City of East Liverpool, County of Columbiana and State of Ohio, and known as and being Lots Numbered 8130, 8131, 8132, 8133, 8134 and 8135, as said lots are numbered and distinguished on the recorded plat of Valley View Addition to said City. Being premises conveyed in Volume 514, Page 413 to Edward T. Martin; Volume 509, Page 231 to E.T. Martin, Jr. (Edward T. Martin, E.T. Martin and E.T. Martin, Jr., being one and the same persons); Volume 511, Page 604, and Volume 514, Page 413, of the Deed Records of said county; Volume 573, Page 401, Deed Records.
>
> Tract 3: Situated in the City of East Liverpool, County of Columbiana and State of Ohio, and known as being Lots Numbered 8148, 8149, 8150, 8151, 8152, 8153, 8154, 8155, and 8156, as said Lots are numbered and distinguished on the recorded plat of Valley View Addition to said City. Being premises conveyed in Volume 693, Page 412; Volume 749, Page 521; Volume 926, Page 558; Volume 754, Page 616 and Volume 833, Page 110, of the Deed Records of said County. Prior instrument reference: Volume 359, Page 36[;]

ECF Dkt. #30 at 1-2. The Court further orders that:

-11-

such judicial sale be free and clear of all rights, titles, liens, claims, and interests of the parties to this action, with no right of redemption, and with the proceeds of the sale to be distribute;

the net proceeds of the judicial sale of the property identified above (after payments of sale costs and any local property taxes payable under 26 U.S.C. § 6323(b)(6) be distributed to the United States and the State of Ohio in accordance with the stipulation that they entered into on September 18, 2014.  ECF Dkt. #29; and

any remaining proceeds after full satisfaction of the claims by the United States and the State of Ohio be paid to Defendants.

**IT IS SO ORDERED.**

**SIGNED AND ENTERED** on this 21st day of January, 2015.

>*/s/ George J. Limbert*
>GEORGE J. LIMBERT
>UNITED STATES MAGISTRATE JUDGE